UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMEKO JOHNSON,

    Plaintiff,

v.                                                   Case No. 03-74866

CHARTER SCHOOL ADMINISTRATIVE       HONORABLE AVERN COHN
SERVICES, d/b/a THE FRICK COMPANY,

    Defendant.

_____/

## MEMORANDUM AND ORDER
## GRANTING PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT[1]

### I. Introduction

This is an employment discrimination case. Plaintiff Tomeko Johnson-Smith (Johnson-Smith)[2] is suing Defendant Charter School Administration Services, Inc. (CSAS),[3] claiming that CSAS: (1) harassed her after she informed her supervisor that she was pregnant, and (2) discharged her during her pregnancy. Johnson-Smith further claims that, as a result of CSAS's actions, she suffered a miscarriage, emotional distress, and a loss

---

[1] The Court originally scheduled this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

[2] The original and amended complaints name the plaintiff as Tomeko Johnson. She has since married. Her name is now Tomeko Johnson-Smith. The Proposed Second Amended Complaint reflects the name change.

[3] The original and amended complaint incorrectly names the defendant as "Charter School Administrative Services, Inc., d/b/a The Frick Company." The Proposed Second Amended Complaint names the defendant as "Charter School Administration Services, Inc., a Michigan corporation."

of past and future earnings and fringe benefits, all in violation of the Michigan Elliot-Larsen Civil Rights Act (ELCRA), M.C.L. §37.2101 et seq., and the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq.

Before the Court is Plaintiff's Motion to File Second Amended Complaint. Defendant opposes the motion. For the reasons that follow, the motion is GRANTED.

## II.  Background

### A. Factual Background

CSAS hired Johnson-Smith as a school teacher on August 21, 2001. She worked in that capacity through the school year until June 2002. During that time, Johnson-Smith received excellent reviews. She resumed her teaching duties on August 21, 2002. Johnson-Smith became pregnant in approximately August 2002.[4]

Johnson-Smith informed her supervisor, Patricia Parker (Parker), that she was pregnant. Johnson-Smith says that Parker harassed her after she revealed her pregnancy. She continued working until October 24, 2002. At that time, she complained of vaginal bleeding. Her physician, fearing a miscarriage, recommended she take medical leave. Johnson-Smith acted on her physician's advice and took leave from work. Johnson-Smith says she was terminated by CSAS five days later on October 29, 2002. CSAS says she was not terminated on October 29, 2002, but rather that her termination was effective on November 6, 2002.

The parties also differ on the reason for termination. Johnson-Smith says that she

---

[4] The original and amended complaint state that Johnson-Smith became pregnant on approximately September 10, 2002. The Proposed Second Amended Complaint changes the date to August 2002.

2

was terminated because of her problem pregnancy. She also says CSAS informed the Michigan Employment Security Commission that she was terminated for deliberate disregard of her employer's interest. CSAS, on the other hand, says that she was terminated because CSAS downsized its teaching staff as a result of low student enrollment.

### B. Procedural Background

This case originally was filed in the Oakland County Circuit Court. Johnson-Smith filed an amended complaint in the Oakland County Circuit Court. Subsequently, CSAS filed a timely notice to remove the case to this Court, pursuant to 28 U.S.C. §§ 1331 (federal question) and 1441 (actions removable). Johnson-Smith now seeks leave to file a second amended complaint. CSAS opposes the motion.

### III. Discussion

### A. Legal Standard

The Federal Rules of Civil Procedure provide that leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Although Rule 15 states that leave "shall be freely given," grounds for denying a motion for leave to amend include undue delay, bad faith, or dilatory motive on the part of the movant, failure to cure deficiencies by amendments previously allowed, prejudice to the opposing party, and futility of the amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).

Delay by itself is not sufficient to deny a motion to amend. Wade v. Knoxville Utils. Bd., 259 F.3d 452, 458 (6th Cir. 2001). Moreover, in denying a motion to amend, a court must find "at least some significant showing of prejudice to the opponent" before it could

deny a motion for leave to amend. Leary v. Daeschner, 349 F.3d 905, 907 (6th Cir. 2003) (internal citations and quotations omitted). Finally, an amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss. See Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 421 (6th Cir. 2000).

### B. Analysis

Johnson-Smith says that she seeks leave to file a second amended complaint because "in reviewing the Complaint drafted by Mr. McLeod[5] and the Answer by defendant, plaintiff's new attorney noted various items that needed correcting. . . ." CSAS opposes the motion, saying inter alia that (1) the motion was not timely filed under Rule 16(b) and (2) the plaintiff has failed to demonstrate any factual or legal reasons or justifications to show good cause for granting the motion.

A review of the Proposed Second Amended Complaint shows that Johnson-Smith is not bringing additional claims against CSAS. It contains the same two counts as the amended complaint: (1) a violation of ELCRA, and (2) a violation of the FMLA. Instead, the Proposed Second Amended Complaint makes simple clerical and stylistic modifications: (1) it corrects the names of the parties in the case caption, (2) increases the amount of damages sought, (3) modifies the approximate date of Johnson-Smith's pregnancy, (4) inserts a count heading and reallegation paragraph, (5) relocates one paragraph and eliminates another as redundant, (6) alters a paragraph to include the appropriate relief under the FMLA, and (7) substitutes the word "harassing" for the word "abusing."

After examining the Proposed Second Amended Complaint in light of the Foman

---

[5] Plaintiff's original counsel was Thomas S. McLeod. After he withdrew as counsel Johnson-Smith retained Brescoll & Brescoll, P.C.

4

standard, the Court concludes that (1) the proposed amendments have not been made in an unduly delayed fashion, because Plaintiff's new counsel filed the instant motion within three months of filing his appearance; (2) the motion is made in good faith and in an expedient manner, because it was filed after CSAS failed to respond to Johnson-Smith's mail contact and follow-up telephone calls seeking stipulation to the proposed amendments; and (3) the proposed amendments are neither prejudicial nor futile, because Johnson-Smith is not seeking to add additional claims, and because none of the proposed amendments would fail a Rule 12(b)(6) motion.

## IV.  Conclusion

There is no evidence that the proposed second amended complaint is the result of undue delay, bad faith, dilatory motive, or is prejudicial or futile.

SO ORDERED.


Dated:  June 1, 2005
          s/Avern Cohn
          AVERN COHN
          UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, June 1, 2005, by electronic and/or ordinary mail.

          s/Julie Owens
          Case Manager, (313) 234-5160